| | | |
|---|---|---|
| STATE OF NORTH CAROLINA | * | IN THE GENERAL COURT OF JUSTICE |
| | * | DISTRICT COURT DIVISION |
| CABARRUS COUNTY | * | |

*******************************************************************

| | | |
|---|---|---|
| VALERIE ARROYO & DEREK OLIVARIA | * | Case# |
| Plaintiff (S) | * | 1:22CV323 |
| V. | * | SWORN CIVIL COMPLAINT |
| | * | |
| U.S. ADMINISTRATION OF SOCIAL | * | |
| SECURITY, and its employees, | * | DEMAND FOR JURY TRIAL |
| DEPARTMENT OF HEALTH AND HUMAN | * | |
| SERVICES OF NORTH CAROLINA | * | |
| Defendant(S) | * | |

*******************************************************************

**NOW COMES,** Plaintiff(s) Valerie Arroyo and Derek Olivaria, through pro se counsel, respectfully submit this sworn civil complaint Arises under 42 U.S.C. $ 404 (a), (1), (A), 42 U.S.C. $ 421. (a)(1), 20 CFR. 431.1, 42 U.S.C. $ 1983, N.C.G.S. $ 143B-138, and unequal and unfair due process during any administrative judicial proceedings. Discrimination against an individual who has a mental and physical disability which there is a record on file and Defendant fails to act, comply or enforce, perform or uphold the rights to an administrative appeal under the rights of U.S. Department of the Social Security Administrative laws.

**JURISDICTION**

1

Case 1:22-cv-00323-CCE-JEP   Document 3   Filed 04/26/22   Page 1 of 9

Pursuant to 42 U.S.C. $ 404, (a), (1), (A), 42 U.S.C. $ 405 (g) 42
U.S.C. $ 421, (a), (1) and N.C.G.S. $ 143B-138.1 (4), Title II 28 CFR.
35.103 and 35.178

**PARTIES**

**FIRST PLAINTIFF VALERIE ARROYO**, wife, representative and agent of power of attorney over DEREK OLIVARIA, P.O. BOX 5579, CONCORD NC 28027, Phone # 704-506-1526, (in her official and personal capacity)
**SECOND PLAINTIFF DEREK OLIVARIA**, injured disabled party, P.O. BOX 5579, CONCORD NC 28027, PHONE# 704-506-1526, (in his personal capacity)
**FIRST DEFENDANT, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION**, and its. Employees, GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, ROOM 617, ALTMEYER BUILDING, 6401 SECURITY BOULEVARD, WOODLAWN MD 21235, PHONE# 410-965-8882, (in its official and personal capacity)
**SECOND DEFENANT, DEPARTMENT OF HEALTH AND HUMAN SERVICES MENTAL DISABILITY** and its employees, 2001 MAIL SERVICE CENTER, RALEIGH NC 27669, PHONE# 919-855-4800, (in its official and personal capacity)

**CAUSE OF ACTION**

Defendant(s) fails to act, conduct, perform, protect and uphold the executive, federal, government, state, regulations, ordinance and statutory laws. Failure to comply and enforce the Administrative appeal rights and process, failure to provide equal and fair due process, discrimination against an mental and physical disability person, and failure to benefits, medical services, and mental group therapy and service to prevent suicidal emotional duress. Deny all financial and medical benefit which support his emotional,

2

mental, physical and financial obligation for over three (3) years and currently refuse to provide any timely request for an administrative law judge hearing, timely request for an appeal on overpayment decision, and then eligibility of disability.

**FACTS OF THE CASE**

I.  In October 2019, U.S. Social Security Administration office sent a notice of overpayment for $78, 915.40 request a timely appeal hearing as soon as possible and all benefits stopped, no financial or medical or group therapy due to the mental disability. See BNC# 20M1593863212-A

II.  On December 11, 2021, the Social Security of Administration contact us that there was an overpayment for $86, 390.00 from January 2016 through October 2020 of gainful activity in reference to Derek Olivaria disability payments. Both Plaintiff's file a timely request for an appeal hearing once again, no results. See BNC# 20D14729893778 and 21M1235J99573-A,

III.  On February 24, 2022, Plaintiff files a timely application request for hearing by Administrative Law Judge, no hearing received as of today. Plaintiff sent two Notice of filing a civil complaint against the Social Security of Administration with the local agency at 830 Florence Street, Concord NC 28025. Every month the Plaintiff has to call their local agency to make the payment, payments are late and the injured parties has to pay late fees.

IV.  According to the rules of the law, any overpayment decision by the Social Security Office of Administration shall provide an opportunity of an appeal as a right to the disable person within 90

days. Every month, supervisors and managers claim there is nothing they can do but make the payment and the Baltimore location refuse to provide us with an appeal or hearing by the administrative law judge.

V. Plaintiff Olivaria has been eligible for full disability since he was 19 years old due to rods and screw in this back due to scoliosis. Three years ago, Plaintiff Olivaria diagnose with severe PTSD and recommendation of group and individual therapy through mental health. All of the therapy and medical benefits stopped without any probable cause hearing or evidence showing any overpayment on behalf of the disable person and no hearing about any payment arrangements if any overpayment does exist or proven by a court of law. Pursuant to 42 U.S.C. $ 404 (a) (1) (A), the payment shall be decrease if any overpayment found to be applicable, which did not occur in this case.

VI. On March 31, 2022, Plaintiff Olivaria sent to another disability eligible appointment evaluation set up by the Social Security Office of Administration, which there is already a record on file and all of his medical doctors' records given to the Defendant for over three years ago. The rods and screw are not going anywhere, it getting worst due to his age and within a certain amount of time. This agency refuse to provide any financial, medical benefits, which cause Plaintiff Olivaria to go into depression, and suicidal mode. Defendant N.C. Department of Health and Human Services mental division deny and refuse to provide assistance and services due to Social Security office of Administration showing Plaintiff Olivaria eligibly of disability benefits.

VII. First notification from Social Security Office of

4

Administration states, due to the student loan waiver the overpayment occurred, then the second notice states it gain activity on behalf of the disabled person. Once the plaintiff's arguments or request for any proof of evidence that shows Plaintiff Olivaria act were knowingly and intentional acts overpayments. Plaintiff argues the evidence shows a contributory negligence factor by the Defendant Social Security Administration, there is no appeal hearing opportunity given s of today.

VIII. On March 29, 2022, Defendant Social Security of Administration send the Plaintiff(s) a letter stating that Plaintiff Olivaria is eligible to work after reviewing all of its information carefully, they decided that he is able to work and he is no longer disable, according to the rules as of August 2021. The last check will be October 2021, without any hearing or opportunity to be by the disable person. The overpayment amount for $90, 675.00.

IX. Both Defendant(s) discriminate and fails to provide financial, medical and mental services to a disable person without providing any eligibility hearing or overpayment hearing which cause irreparable damages and injuries financial, emotional and mental duress to both plaintiff(s)

## FIRST CLAIM FOR RELIEF
### (Violation of 42 U.S.C. § 404)

X. Paragraphs 1-9, realleges and restates herein by reference

XI. Defendant Social Security of Administration fails to

5

Case 1:22-cv-00323-CCE-JEP   Document 3   Filed 04/26/22   Page 5 of 9

decrease payment in an overpayment violation, failure to provide an appeal hearing under the civil and federal rights within time allowed by the Administrative Appeal Rights.

XII. For over three years, the Office of Administration of Social Security refuse to provide medical benefits, which provide mental health counselling, therapy and medication.

## SECOND CLAIM FOR RELIEF
### (Violation 42 U.S.C. $ 421)

XIII. Paragraphs 1-12, realleges and restates herein by reference

XIV. Plaintiff's request timely appeal hearing, administrative law judge hearing and hearing with the Commissioner never receive any notice of hearing but receive acknowledgment of appeal notice.

## THIRD CLAIM FOR RELIEF
### (Violation of 42 U.S.C. $ 1983)

XV. Paragraphs 1-14, realleges and restates herein by reference

XVI. Defendant(s) fails to comply with the U.S. Constitution and the 14th Amendment of equal and fair due process. All citizens has a right to appeal right to receive evidence, discovery and jury trial during all administrative, civil, criminal judicial proceedings.

## FOURTH CLAIM FOR RELIEF
### (Violation American Disability Act

XVII. Paragraphs 1-16, realleges and restates herein by reference

XVIII. Defendant(s) fails to act, comply with, perform, protect, serve or uphold the American disability Act by failing to provide medical, mental and financial benefits against Plaintiff Olivaria for over

6

three years, without any evidence of any knowingly, intentional or wrongdoing.

XIX.   Defendant(s) cause irreparable damage and harm to the Plaintiff's due to emotional, financial duress, every month not knowing if they will be able to pay their bills each month.

## FIFTH CLAIM FOR RELIEF
### (Knowingly and intentional negligence)

XX.   Paragraphs 1-19, realleges and restates herein by reference

XXI.   Defendant(s) knowingly and intentional negligence cause more emotional duress, which cause Plaintiff Olivaria on several occasion considered suicide due to this office refuse to provide any appeal hearing or provide his full benefits, back pay for over three year and cost of living and his medical part a and b to receive his medical and mental health benefits.

## EIGTH CLAIM FOR RELIEF
### (Emotional and Financial Duress)

XXII.   Paragraphs 1-21, realleges and restates herein by reference

XXIII.   Defendant(s) acts, or lack of act, cause the Plaintiff's emotional and financial duress and has a right to seek justice and relief against all individuals who are responsible to be held accountable and liable

XXIV.   Plaintiff's Arroyo has suffered emotional, mental distress trying to find other means to assist her husband with his mental and emotional triggers.

WHEREFORE, Plaintiff prays for this court the following:

7

1. Enter an order to re-establish all of the Plaintiff's Olivaria benefits immediately and provide his medical benefit part A and B
2. Enter an order for an independent investigation into this case and provide any sanctions or disciplinary actions according to the rule of law
3. Enter an order for all of the Plaintiff's Olivaria back payment and cost of living increase to take place immediately
4. Enter an order of judicial review and hearing with Commissioner immediately as a right of appeal
5. Enter an order taxing all court cost, fees and any attorney fees to the Defendant(s)
6. Enter an order for relief in equity, monetary and declaratory judgment in favor of the Plaintiff
7. Enter any other relief this Court may find just and proper as rule of law

Respectfully submitted on 20th day of April 2022

_____
Valerie Arroyo & Derek Olivaria

STATE OF NORTH CAROLINA

COUNTY OF CABARRUS

Sworn to and subscribed before me, this

The 20 day of Apr, 2022.

_____
Notary Public

Amira Mourdi
Notary Public
Mecklenburg County
North Carolina
My Commission Expires 7/2/2023

8

My Commission Expires: _____

## CERTIFICATE OF SERIVCE

I have certify that a copy of the foregoing Plaintiff's Sworn Complaint mail out to the Defendant(s) directly set forth below by the 1st class mail with the United States Postal Service

Commissioner of Social Security Administration
General Counsel
SOCIAL SECURITY ADMINISTRATION, ROOM 617,
ALTMEYER BUILDING, 6401 SECURITY BOULEVARD, WOODLAWN MD 21235

&

DEPARTMENT OF HEALTH AND HUMAN SERVICES MENTAL DISABILITY
2001 MAIL SERVICE CENTER, RALEIGH NC 27669,

&

N.C. Attorney General Office
114 W Edenton Street
Raleigh, NC 27603

This 20th day of April 2022

Valerie Arroyo & Derek Olivaria
P.O. Box 5579
Concord, NC 28027
Phone#704-506-1526