IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| VALERIE ARROYO, and ) | |
| DEREK OLIVARIA, ) | |
| ) | |
| Plaintiffs, ) | ORDER |
| ) | |
| v. ) | |
| ) | Case No. 1:22CV323 |
| U.S. ADMINISTRATION OF ) | |
| SOCIAL SECURITY et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Applications to Proceed In Forma Pauperis [Doc. #1, #2] by Plaintiffs Valerie Arroyo and Derek Olivaria with respect to their Complaint related to disability determinations as to Plaintiff Derek Olivaria.

In their IFP Applications, Plaintiffs each note no income and no monthly expenses, not even for food and housing. Plaintiffs do not explain how they live or who provides for their food and shelter. In addition, in both Applications the Assets page was left blank. Thus, the IFP Applications are incomplete and do not provide sufficient information to allow the Court to make a determination regarding their ability to pay. The Court will therefore strike the Applications to Proceed In Forma Pauperis but will allow Plaintiffs 30 days to either pay the $402 filing fee or re-submit properly completed Applications to Proceed In Forma Pauperis.

The Court also notes that a non-attorney may not appear and represent another party's interests in federal court. Here, Plaintiff Olivaria has signed the Complaint and is submitting claims related to his social security benefits. He may represent himself as to those claims. However, in the Complaint, Plaintiff Arroyo asserts claims as "wife, representative and agent

of power of attorney" as to Plaintiff Olivaria. Plaintiff Arroyo may not bring claims on behalf of Plaintiff Olivaria unless she is an attorney admitted to practice in this Court. See Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005 ("An individual unquestionably has the right to litigate his own claims in federal court, before both the district and appellate courts. . . . The right to litigate for oneself, however, does not create a coordinate right to litigate for others."); see also, e.g., Clauden v. Comm'r of Soc. Sec., No. 4:10cv34, 2011 WL 2003445, at *2 (W.D. Va. May 24, 2011) ("The Fourth Circuit has not recognized any rule of standing that would allow the non-attorney parent of an adult child handle that child's appeal from the Social Security Administration's unfavorable decision."); Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004) (noting that "a power of attorney does not authorize its recipient to practice law" or allow a non-lawyer to represent his mother in federal court). Thus, unless she is an attorney admitted in this Court, Plaintiff Arroyo may not represent Plaintiff Olivaria or bring claims on his behalf.[1] Therefore, it is likely that any claims asserted by Plaintiff Arroyo would be dismissed at initial screening. The Court will consider that issue further if the filing fee is paid or proper Applications to Proceed In Forma Pauperis are submitted. Plaintiffs may also correct this issue by filing an Amended Complaint including only Plaintiff Olivaria.

IT IS THEREFORE ORDERED that the Applications to Proceed In Forma Pauperis [Doc. #1, #2] are STRICKEN, but the Court will allow Plaintiffs 30 days to either pay the $402 filing fee or re-submit properly completed Applications to Proceed In Forma Pauperis. Failure to

---

[1] The Court also notes that, to the extent Plaintiff Arroyo may be attempting to assert claims on her own behalf for infliction of emotional distress, such claims would not be properly before the Court. See Hill v. Colvin, 2016 WL 727177 (M.D.N.C. Feb. 23, 2016) (noting that a claim against the Social Security Administration for intentional infliction of emotional distress for assessment and collection of overpayment was precluded by 42 U.S.C. § 405(h) and sovereign immunity; claims are limited to review of a social security determination as allowed under 42 U.S.C. § 405(g)).

submit either the filing fee or a properly completed Application to Proceed In Forma Pauperis will result in the case being dismissed without prejudice.

This, the 29th day of April, 2022.

/s/ Joi Elizabeth Peake
United States Magistrate Judge